IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

------------------------------

Gippy's Internet Solutions, L.L.C.,   Civil No. 12-1077 JRT/SER

    Plaintiff,

v.   **COMPLAINT FOR**
   **DECLARATORY JUDGMENT**

EllisLab, Inc.,

    Defendant.

------------------------------

Gippy's Internet Solutions, L.L.C., ("Gippy's"), as and for its Complaint against Defendant EllisLab, Inc. ("EllisLab"), states as follows:

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure, this is an action for declaratory relief, seeking a declaration by the Court that the parties' relationship is governed solely by a written agreement entered into by the parties in 2007, that termination of the agreement was improper, and that no monies are owed by Gippy's to EllisLab under that agreement.

## II. PARTIES

1.    Gippy's is a Minnesota limited liability company.

2.    EllisLab is an Oregon for-profit corporation.



456839.1

## III. JURISDICTION

3. Under 28 U.S.C. §2201(a), "In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

4. Gippy's is a person whose rights and legal relations are being affected by assertions being made and actions being taken by EllisLab under a claim that the parties' relationship is governed by earlier, unwritten agreements which were superseded and replaced the parties' 2007 written agreement.

5. An actual controversy between the parties exists, and there is a genuine conflict in the tangible interests of the parties, since EllisLab has improperly terminated the parties' relationship and has alleged that Gippy's owes it monies based upon the superseded oral agreements.

6. Action by this Court is proper to determine that the only operative agreement between the parties is the 2007 written agreement, that termination of the agreement was improper, and that no monies are owed by Gippy's to EllisLab under that agreement.

7. Jurisdiction in this Court is proper because there is complete diversity between the parties. Gippy's is a Minnesota LLC, with its primary place of operations in Minnesota, and both members of Gippy's are Minnesota citizens. EllisLab is an Oregon corporation with its primary place of business in Beaverton, Oregon.

## IV. FACTS

8. Gippy's is a Minnesota limited liability company, presently in good status with the Minnesota Secretary of State.

9. The only two members of Gippy's, Nevin Lyne and Julie Lau, are resident in and citizens of the State of Minnesota.

10. Gippy's has worked with EllisLab for the last ten years, sharing revenues from its website with EllisLab and driving sales of EllisLab's software to EllisLab.

11. The parties initially worked under oral agreements made in 2002 and 2005.

12. The parties subsequently entered into a written agreement, with significantly altered terms, in 2007.

13. Despite Gippy's having performed as called for in the parties' 2007 agreement, in February 2012 EllisLab for the first time asserted that it had not been fully and properly paid by Gippy's. EllisLab subsequently unilaterally terminated the parties' 2007 agreement, and initiated an action in Federal Court in Oregon, which contains claims, *inter alia*, based upon asserted breaches of the parties' superseded oral contracts.

14. EllisLab's Complaint in its Oregon suit does not disclose the existence of the parties' 2007 written agreement.

15. A determination of the validity of the 2007 written agreement is necessary to establish the proper relationship between the parties, to determine whether EllisLab's unilateral termination was lawful, and whether one party owes the other any amounts for past activities.

## COUNT I
## DECLARATORY RELIEF

16. By an exchange of emails in 2007, the principals of Gippy's and EllisLab created and entered into a binding written contract between the two companies.

17. EllisLab's President agreed to the terms of the written agreement on EllisLab's behalf.

18. Those terms are different from the terms of the earlier oral agreements, and the parties intended the terms of the 2007 agreement to replace the earlier oral agreements and to control in all respects.

19. The 2007 agreement is the only operative contract between the parties.

## COUNT II
## DECLARATORY RELIEF

20. Plaintiff restates the foregoing paragraphs.

21. Minnesota law imposes a duty of good faith and fair dealing in all contracts.

22. EllisLab's unilateral termination of the parties' 2007 agreement was not based on any good cause, and violated that implied duty.

23. EllisLab's termination was of no force and effect.

## COUNT III
## DECLARATORY RELIEF

24. Plaintiff restates the foregoing paragraphs.

25. Gippy's has paid EllisLab and otherwise performed fully under the terms of the 2007 written agreement.

26.     No monies are due from Gippy's to EllisLab.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Gippy's seeks a judgment as follows:

a.      A declaration that the 2007 written agreement is the only operative contract between the parties;

b.      A declaration that EllisLab's actions in unilaterally terminating the 2007 agreement were of no force and effect;

c.      A declaration that Gippy's does not owe any amounts to EllisLab;

d.      An award of Gippy's reasonable attorney's fees and the costs and disbursements of this suit; and

e.      The granting of such other and further relief as the Court may deem just and proper.

Dated: May 2, 2012.

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By  s/ Christopher K. Sandberg
    Christopher K. Sandberg (#95485)
100 Washington Avenue South
Suite 2200
Minneapolis, MN  55401
Telephone:  (612) 339-6900
Telecopier:  (612) 339-0981
cksandberg@locklaw.com

ATTORNEYS FOR PLAINTIFF